UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FRANCIS and CARMEN JAY FRANCIS, | ) ) ) |
| Appellants | ) ) |
| v. | ) Cause No. 1:17-cv-2281 RLM-DML ) |
| EMC MORTGAGE LLC, *et al.*, | ) ) |
| Appellees | ) ) |

OPINION AND ORDER

Michael and Carmen Francis sought relief that the bankruptcy court had no power to grant, so the bankruptcy court dismissed their adversary petition. Mr. and Mrs. Francis appeal, but the bankruptcy court was exactly right.

The Francises were granted a discharge in bankruptcy in their 2014 Chapter 7 case. In February 2016, the Marion Superior Court entered a foreclosure judgment against the Francises and in favor of EMC Mortgage LLC. The Francises returned to the bankruptcy court and filed a new voluntary Chapter 13 petition in April 2016. The bankruptcy court dismissed that petition after a June 2016 hearing on the U.S. Trustee's motion because it was too soon after the bankruptcy discharge in the 2014 case. Back in state court, the Indiana Court of Appeals affirmed the foreclosure order in February 2017, also declining to consider "new evidence" that wasn't in the appellate record. In the same month, the Francises' home was sold at a sheriff's sale.

In June 2017, back in the bankruptcy court, the Francises filed the adversary petition that gave rise to the order from which they appeal today. They

styled their filing a "Motion for Order of Contempt Pursuant to FRBP 9020 of the Bankruptcy Court Orders and Motion for Sanctions, Against the Creditor of EMC Mortgage Corporation, LLC, Successors in interest EMC Mortgage Corporation, a Subsidiary of J.P. Morgan Chase Bank, et al." The adversary complaint sought damages from EMC for its alleged violation of the discharge injunction – foreclosing on their home – in the state courts.

Bankruptcy Judge James Carr issued a rule to show cause why the adversary petition shouldn't be dismissed. The Francises filed an amended petition on the day of the show cause hearing. Judge Carr patiently explained to Mr. Francis that while he would review the amended petition, it didn't look to him as though the court had the authority to consider the Francises' grievances. First, the actions of EMC and the others in state court couldn't have violated any order in the 2016 bankruptcy court because that case had been dismissed without a discharge order. Second, to the extent the Francises complained about what had happened in the state proceedings, federal courts (other than the Supreme Court) don't have the power to reverse actions taken by state courts, D.C. Ct. App. v, Feldman, 460 U.S. 462, 476, 482-483 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923), so any remedy for the Francises lay in their then-pending (and eventually denied) belated motion to transfer the state case to the Indiana Supreme Court. Because the amended complaint contained nothing that would create jurisdiction – the court's power to decide a case – Judge Carr dismissed the adversary petition on June 30, 2017. This appeal followed five days later.

The Francises devote the lion's share of their appellate brief to an explanation of why they shouldn't have lost their house and why it happened anyway, but only a few pages address the bankruptcy court's conclusion that it had no authority to hear the Francis's complaint.

Apart from the Supreme Court, which was created by the constitution rather than by statute, all federal courts are limited in what authority they have. United States v. Alkaramla, 872 F.3d 532, 534 (7th Cir. 2017). No federal court other than the Supreme Court has appellate authority over the courts of any state. *See* 28 U.S.C. § 1257; United States v. Alkaramla, 872 F.3d at 534. A party seeking federal review of a state court judgment can only get there by litigating to (and losing in) the state's highest court, then asking the United States Supreme Court to issue a writ of certiorari and consider the case.

> The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced. The rationale for the doctrine is that no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it.

Jakupovic v. Curran, 850 F.3d 898, 902 (7th Cir. 2017), *quoting* Sykes v. Cook Cty. Cir. Ct. Prob. Div., 837 F.3d 736, 741–742 (7th Cir. 2016) (citations omitted). A court must consider whether a federal claim is inextricably intertwined with a state court judgment such that the federal claim seeks, directly or indirectly, to set aside the state claim. Taylor v. Fed. Nat'l Mortg. Ass'n, 374 F.3d 529, 533 (7th Cir. 2004). If a federal claim is inextricably intertwined with a state court judgment, the *Rooker-Feldman* doctrine bars the federal claim as long as the

plaintiff had a reasonable opportunity to raise the issue in state court proceedings. Id.

Mains v. Citibank, N.A., 852 F.3d 669 (7th Cir. 2017), provides an example of the doctrine's operation in a case similar to the Francis's adversary complaint. Mr. Mains took out a home mortgage with Washington Mutual. Id. at 674. After the mortgage went through several hands, Chase Bank served Mr. Mains time default and acceleration notice in June 2009 and filed a foreclosure action in April 2010. Id. Mr. Mains contended that Chase Bank wasn't the real party in interest, but the trial court disagreed and granted Chase Bank summary judgment. Id. The Indiana Court of Appeals affirmed the judgment, and Indiana Supreme Court denied transfer. Id. Mr. Mains then brought suit in this (federal) court, which ruled against him. Id. The court of appeals affirmed the judgment under the *Rooker-Feldman* doctrine, explaining:

> Reading through the verbiage of Mains's filings, we are left with the impression that the foundation of the present suit is his allegation that the state court's foreclosure judgment was in error because it rested on a fraud perpetrated by the defendants. Mains wants the federal courts to redress that wrong. That is precisely what *Rooker-Feldman* prohibits, however. If we were to delve into the question whether fraud tainted the state court's judgment, the only relief we could give would be to vacate that judgment. That would amount to an exercise of de facto appellate jurisdiction, which is not permissible. Mains's remedies lie in the Indiana courts. Indiana allows a party to file for relief from judgment based on newly discovered evidence or on the fraud or misrepresentation of an adverse party, either through a motion or through an independent action. See Ind. R. Trial P. 60(B). The state's courts are quite capable of protecting their own integrity.

Id. at 676. *See also* Podemski v. US Bank Nat'l Ass'n for Residential Funding Mortgage Prods., Inc., 2017 WL 5714760 at *2 (N.D. Ind. March 30, 2017) ("In

filing her lawsuit and seeking the injunctive relief, Plaintiff essentially wants to set aside state court rulings regarding the foreclosure of the property in question, the sheriff's sale, and her eviction. If this Court were to agree with Plaintiff's preposition—wrong as it is—that she properly rescinded the mortgage loan, it would necessarily overrule the Indiana court of appeals and the superior court. This is prohibited by the *Rooker-Feldman* doctrine.").

Whatever differences there might be between the facts of Mains and the facts of this case don't affect the operation of the *Rooker-Feldman* doctrine. The Francises wanted the bankruptcy court to, for all practical purposes, overturn the state court's judgment ordering their house sold. As in Mains, the Francises' arguments about fraud and contempt amount to the same challenge to the Marion Superior Court judgment. The only federal court with the power to conduct an appellate review of the actions of the Indiana courts is the United States Supreme Court, not the United States Bankruptcy Court for the Southern District of Indiana. United States v. Alkaramla, 872 F.3d at 534.

The bankruptcy court ruled correctly, and had no jurisdiction to rule in any other way. The bankruptcy court's verdict is AFFIRMED.

SO ORDERED.

ENTERED: June 20, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system

Via United States Mail:
MICHAEL AND CARMEN JAY FRANCIS
4904 Winston Drive
Indianapolis, IN 46226